IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MATTHEW DALEY** <br> 3913 Nancy Lane <br> Collegeville, PA 19426 <br><br> **Plaintiff,** <br><br> v. <br><br> **NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK)** <br> 1 Massachusetts NW <br> Washington, DC 20001 <br><br> **Defendant.** | x <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> x | Civil Action No. 2:22-cv-01119-RBS |

**DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S MEMORANDUM OF LAW SUPPORT OF ITS MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S CLAIMS UNDER THE FEDERAL RAILROAD SAFETY ACT**

**I.**.   **INTRODUCTION**

Defendant National Railroad Passenger Corporation ("Amtrak"), by and through its counsel, and pursuant to Rule 12(b)(1) and/or (6) or alternatively, Rule 56 of the Federal Rules of Civil Procedure, hereby moves this Court for an Order dismissing any and all claims of plaintiff, Matthew Daley (hereinafter "plaintiff") asserted in his Amended Complaint under the whistleblower provisions set forth in Section 20109 of the Federal Railroad Safety Act , §§ 20101, *et seq* ("FRSA").

Although plaintiff's Amended Complaint makes no mention of this statutory requirement, his FRSA whistleblower claims under FRSA § 20109 can only be pursued in this Court if plaintiff initially filed a complaint with the Secretary of Labor, 210 days have passed since the initial filing and the Secretary of Labor has not yet issued a final decision thereon, and there is no showing of delay due to complainant's bad faith. *See* 49 U.S.C.§ 20109(d)(1)-(3); 29 C.F.R. § 1982.114(a).

1

As set forth below, plaintiff does not allege and cannot show that he satisfied these statutory conditions.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Below is the history of plaintiff's FRSA whistleblower claims, beginning when he initially filed those claims with the Secretary of Labor. Despite plaintiff's failure to reference these events in his Amended Complaint, this Court may take judicial notice of them for purposes of ruling on Amtrak's motion.

On or about July 24, 2020, plaintiff filed his Complaint with the Department of Occupational Health and Safety Administration ("OSHA") alleging violations of the Federal Railroad Safety Act, 49 U.S.C. 20109(d)(1). The Complaint was opened as OSHA docket No. 3-6540-20-121 (the "Complaint"). On or about August 4, 2021, OSHA sent Amtrak notice of the Complaint pursuant to 49 U.S.C. § 20109(d)(2)(A) and 49 U.S.C. § 42121 (the "Notice"). *See* Notice attached at Exhibit A hereto. As the Notice reveals, plaintiff's Complaint's actually consisted of allegations set forth in two undated documents, each labeled as a "Supplement Complaint," despite the fact that there was no document in the Notice bearing a label as a "Complaint." One of the undated Supplement Complaints contained allegations regarding events during the period October 2019 through 2020 allegedly stemming from his report of unsafe workplace conditions. *See* Notice, Exhibit A, pp. 5-8. The other undated Supplemental Complaint alleged events that took place on July 14, 2020, when he allegedly reported an on-the-job injury. *See id.*, Notice, Exhibit A, pp. 9-12.

On February 11, 2021, the Secretary of Labor issued a letter regarding its findings, and dismissed the Complaint due plaintiffs' failure to respond to a request for information ("Findings Letter"). *See* February 11, 2021 Findings Letter, attached hereto at Exhibit B. The Findings were issued following plaintiff's lack of response to two October 21, 2020 requests for supplemental

2

information, and a second request for supplemental information on December 15, 2020, which demanded a response within ten days to avoid dismissal of the Complaint. *Id.*, The Secretary of Labor informed plaintiff of his right to appeal its dismissal of the OSHA Complaint within thirty (30) days. *Id*. The February 11, 2021 Findings further advised that **"if no objections are filed, these Findings will become final and not subject to court review."** *Id*. (emphasis added) Plaintiff did not file objections or request a hearing before an Administrative Law Judge in response to the February 11, 2021 Findings Letter. Nor did he commence a federal court action based on his FRSA claim before the Secretary's dismissal order became final and non-appealable.

On or about March 23, 2022, approximately one year after the Secretary's order became final and non-appealable, plaintiff filed a Complaint against Amtrak in this Court. The Civil Cover Sheet indicated it was a Federal Employer's Liability Act ("FELA") action, but the Complaint itself alleged no jurisdictional basis for the suit. See Docket Entry No. 1. On May 17, 2022, with Amtrak's consent, plaintiff moved in this Court to amend his Complaint. *See* Docket Entry No. 8. On June 9, 2022, the Court granted plaintiff's motion and the Amended Complaint was filed. *See* Docket Entry Nos. 9 and 10. A copy is attached hereto at Exhibit C. The Amended Complaint asserts causes of action under both the FELA and the FRSA. Exhibit C at ¶ 4. The Amended Complaint in this action substantially tracks the FRSA allegations set forth in one of the two so-called Supplement Complaints previously filed with OSHA, specifically the allegations relating to a workplace injury he allegedly sustained on July 14, 2020  *Compare* Exhibit A, pp. 9-12, ¶¶ 1-25 with Exhibit C ¶¶ 6-30.

The Amended Complaint in this action alleges in conclusory fashion that the suit is brought under the FRSA. *See* Exhibit C ¶ 4. However, it is devoid of any factual allegations necessary to support any original action in this court seeking relief under the FRSA. Specifically, an FRSA

claim can only be pursued in federal court with respect to the Complaint plaintiff filed with the Secretary of Labor under the FRSA if the "Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint [with the Secretary of Labor] and if the delay is not due to the bad faith of the employee." 49 U.S.C. § 20109(d)(3). Plaintiff does not and cannot allege facts needed to support an original action under the FRSA in this Court.

### III.    LEGAL STANDARD

#### A.    Motion to Dismiss for Lack of Subject Matter Jurisdiction

A district court must dismiss a matter if it lacks subject matter jurisdiction over the complaint. Fed.R.Civ.P. 12(b)(1). *See Moyer Packing Co. v. United States*, 567 F. Supp. 2d 737, 750 (E.D. Pa. 2008). Federal courts are courts of limited jurisdiction, and may hear only cases entrusted to them by a grant of power contained either in the Constitution or by an Act of Congress. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). *See also Lee v. Lamas*, 419 F. Supp. 3d 863, 867 (E.D. Pa. 2019) ("If the Court determines that it lacks subject matter jurisdiction, [the] Federal Rules of Civil Procedure require dismissal."). Rule 12(b)(1) motions can either be "facial", which attack the complaint on its face, or "factual", which attacks subject matter jurisdiction as a fact. *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d. Cir. 1977).

A complaint under a facial attack may be properly dismissed "when the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction . . . or is wholly insubstantive and frivolous." *Kehr Packages Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408-09 (3d Cir. 1991). When considering a factual challenge, the court may weigh the evidence and satisfy itself as to the existence of its power to hear the case, and "no presumptive truthfulness attaches to the complaint's allegations" *U.S. Airline Pilots Ass'n v. U.S. Airways, Inc.,* 2013 WL 5466838 at

4

\*2 (W.D. Pa., September 30, 2013) (citing Petruska v. Gannon Unvi. 462 F.3d 294, 302 n.3 (3d Cir. 2006). Therefore, a 12(b)(1) factual challenge strips the plaintiff of the protections and factual deference provided under 12(b)(6) review. *See, e.g., Davis v. Wells Fargo*, 824 F.3d 333, 348-50 (3d Cir. 2016); *See also Hartig Drug Co. Inc. v. Senju Pharm. Co*., 836 F.3d 261, 268 (3d Cir. 2016).

### B. Motion to Dismiss for Failure to State a Claim

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion may be granted when, "accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Decisions of administrative bodies are among the type of public records that are properly the subject of judicial notice. *Sturgeon v. Pharmerica Corp*., 438 F. Supp. 3d 246, 258 (E.D. Pa. 2020); *see also Fadaie v. Alaska Airlines, Inc.*, 293 F. Supp. 2d 1210, 1214-15 (W.D. Wash. 2003) (holding that OSHA administrative decisions in particular were subject to judicial notice).

Although the Court must accept the factual allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir.

5

2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)).   Nor is it required to credit factual allegations contradicted by indisputably authentic documents on which the complaint relies or matters of public record of which we may take judicial notice. *In re Washington Mut. Inc.*, 741 Fed. App'x 88, 91 n.3 (3d Cir. 2018); *Sourovelis v. City of Philadelphia*, 246 F. Supp. 3d 1058, 1075 (E.D. Pa. 2017); *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588–89 (W.D. Pa. 2008).

   **C.**  **Motion for Summary Judgment**

"If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).  Fed. R. Civ. P. 56 provides that a motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that that there is no genuine issue as to material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(a) and (c).  A dispute over a material fact is genuine when, upon review of the evidence, a reasonable jury could find for the non-moving party. *Anderson v. Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Thus, "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Id.

## IV.     ARGUMENT

Amtrak seeks dismissal of Plaintiff's FRSA claim under Fed. R. Civ. P. 12(b)(1) or (6), or alternatively, under Rule 56, for lack of subject matter jurisdiction and/or failure to state a claim upon which relief can be granted. Plaintiff's FRSA claim set forth in the Amended Complaint is the same FRSA claim asserted in his second supplement Complaint filed with OSHA that was dismissed via the February 11, 2011 Finding. Plaintiff did not file timely objections necessary to exhaust remedies, making the Findings Letter final and not subject to judicial review.

### A.     FRSA Exhaustion of Remedy Requirement

Section 20109 of the FRSA prohibits rail carriers from retaliating against employees who engage in certain protected activities. To pursue a request for relief under FRSA, a plaintiff must first timely "[file] a complaint with the Secretary of Labor" within 180 days. 49 U.S.C. § 20109(d)(1) and (2)(ii). When a complaint is properly filed with the Secretary, there is first an evaluation of whether it makes a prima facie showing. 49 U.S.C. §42121(b)(2)(B)(i)[1]; 29 C.F.R. § 1982.104.(e)(1). If the prima facie hurdle is passed, the Secretary determines whether there is reasonable cause to believe the Complaint has merit and issues written findings. 29 C.F.R. §1982.105(a). If the decision is adverse to the plaintiff, the Assistant Secretary will notify the parties of that finding. 49 U.S.C. § 32121(b)(2)(A); 29 C.F.R. § 1982.105(a)(2). The complainant then has thirty days to object and request a hearing; if no objection, the findings become a final order not subject to judicial review. 49 U.S.C. § 42121(b)(2)(A); 29 C.F.R. §1982.106(a), (b).[2]

---

[1]     Any action under the FRSA is governed by the rules and procedures set forth in 49 U.S.C. § 42121(b). 49 U.S.C. 20109(d)(2)(A).

[2]     29 C.F.R. §1982.106 provides:

> (a) Any party who desires review, including judicial review, of the findings and preliminary order, . . . must file any objections and/or a request for a hearing on the record within 30 days of receipt of the findings and Findings pursuant to § 1982.105. The objections and/or request for a hearing must be in writing and state whether the objections are to the findings and/or the Findings, and/or

7

*See also Guerra v. Consolidated Rail Corp.*, 936 F.3d 124, 129 n.2 and n.3 (3d. Cir. 2019) (recognizing that a preliminary order that is not objected to becomes final and not subject to judicial review under 29 C.F.R. § 1982.106(b)).

The requirement to exhaust all administrative remedies before seeking judicial relief is a "basic tenant" of administrative law. *McKart v. United States*, 395 U.S. 185, 193 (1969). The FRSA is no exception. *See e.g. Foster v. BNSF Ry. Co.*, 866 F.3d 962, 966 (8th Cir. 2017) (rejecting the plaintiff's argument that the FRSA did not include an administrative exhaustion requirement and that failure to exhaust administrative remedies warrants dismissal); *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1210-11 (10th Cir. 2018) (noting the exhaustion of remedies requirement with regard to FRSA claims); *Lee v. Norfolk Southern Ry.,* 802 F.3d 626, 630 (2015) (recognizing that FRSA retaliation complaints are first resolved by OSHA and the Secretary of Labor and then in the district courts after exhausting these administrative procedures). A party's failure to object to preliminary findings within thirty days under Section 42121(b), 29 C.F.R. §1982.106, or a sister regulation (i.e. 29 C.F.R. §1979.106(b) for retaliation claims under the

---

whether there should be an award of attorney fees. The date of the postmark, facsimile transmittal, or electronic transmittal is considered the date of filing; if the objection is filed in person, by hand-delivery or other means, the objection is filed upon receipt. Objections must be filed with the Chief Administrative Law Judge, U.S. Department of Labor, in accordance with 29 CFR part 18, and copies of the objections must be served at the same time on the other parties of record, the OSHA official who issued the findings and order, the Assistant Secretary, and the Associate Solicitor, Division of Fair Labor Standards, U.S. Department of Labor.

(b) If a timely objection is filed, all provisions of the Findings will be stayed, except for the portion requiring preliminary reinstatement, which will not be automatically stayed. The portion of the Findings requiring reinstatement will be effective immediately upon the respondent's receipt of the findings and Findings, regardless of any objections to the order. The respondent may file a motion with the Office of Administrative Law Judges for a stay of the Assistant Secretary's Findings of reinstatement, which shall be granted only based on exceptional circumstances. If no timely objection is filed with respect to either the findings or the Findings, the findings and/or Findings will become the final decision of the Secretary, not subject to judicial review.

Taxpayer First Act)) is a failure to exhaust an administrative that warrant dismissal of future actions under Rule 12(b)(6) or Rule 56.  *See Monroe v. Storey,* 2021 WL 6333024 at *1 (E.D. Texas, October 27, 2021) (granting summary judgment against defendant restaurant for failing to comply with adverse preliminary rulings letter and for forfeiting the right to challenge it in the District Court action by failing to object to it within 30 days, per 29 C.F.R. § 1979.106(b)). Exhaustion of remedies under the FRSA has also been explicitly recognized as a condition precedent to seeking judicial review.  *See also See e.g. King v. Ind. Harbor Belt R.R.*, 2017 WL 9565363, *4-5 (N.D. Ind., February 1, 2017) (holding that a failure to exhaust administrative remedies in a FRSA constitutes a failure to satisfy a condition precedent to bringing suit); *see also Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1851 (2019) (noting that Title VII's administrative exhaustion requirement is not a jurisdictional prerequisite, but, rather, a statutory condition precedent).

**B**.     **Proper Motion Standard**

The Third Circuit has generally held that administrative exhaustion are best resolved under Rule 12(b)(6), *see Robinson v. Daulton*, 107 F.3d 1018, 1022 (3d. Cir. 1997); In *Willis v. Financial Group, Inc.*, 2004 WL 1774575 at *2, n.3 (E.D. Pa., August 6, 2004), this Court recognized that the "Third Circuit treats motions based on administrative exhaustion requirements as motions for failure to state a claim under Rule 12(b)(6) as opposed to motions for lack of subject matter jurisdiction under Rule 12(b)(1)."). Administrative exhaustion challenges that are "in the nature of statute of limitations" must be decided under the Rule 12(b)(6) standard. *Angelino v. New York Times Co.*, 200 F.3d, 73, 87 (3d. Cir. 1999). The FRSA's 180-day statute of limitations for administrative claims is nonjurisdictional and challenges based on it are subject to Rule 12(b)(6). *Guerra v. Consol Rail. Corp.*, 936 F.3d 124, 131-35 (3d Cir. 2019).

However, final orders issued by the Secretary of Labor are properly challenged under Rule 12(b)(1). *See Mullen v. Norfolk Souther Ry. Co.*, 2015 WL 3457493 at * 10-11 (W.D. Pa., May 29, 2015) (dismissing a federal *kick out* action filed 113 days after the Secretary of Labor issued a final Order). *See also Lebron v. AIG*, *Inc.*, 2009 WL 3364039 (S.D. N.Y., October 19, 2009) (granting a Rule 12(b)(1) motion based on the plaintiff's failure to appeal the preliminary findings rendered by the Secretary in a Sarbanes Oxley ("SOX") matter within the 30 days); and *Geary v. Parexel International Corporation*, 2022 WL 827250 (N.D. Cal., March 18, 2022) (recognizing the failure to exhaust administrative remedies, including the failure to object to the Secretary of Labor's Findings under the SOX and Regulation 1980.106 as a basis for dismissal due to a lack of subject matter jurisdiction made pursuant to a Rule 12(b)(1) motion).

Plaintiff's Complaint is ripe for dismissal because it cannot survive a facial and factual attack under Rule 12(b)(1), and fails to state a claim upon which relief can be granted under Rule 12(b)(6).

**C.** **Plaintiff's FRSA claim Must be Dismissed because has not Exhausted the Administrative Remedies for Pursuing a Claim under the FRSA and the Secretary of Labor's Findings Letter is a Final Order**

Plaintiff's FRSA claim in the Amended Complaint pleads no facts showing any compliance with the administrative requirements set forth 49 U.S.C. 42121(b). (See Exh. C). Plaintiff did not plead that he filed an administrative Complaint with OSHA or that his request for *de novo* review with this Court is appropriate under 49 U.S.C. 20109(d)(3). Therefore, his FRSA claim cannot survive a facial attack and must be dismissed pursuant to Rule 12(b)(1).

Plaintiff's FRSA claim also cannot survive a factual attack under Rule 12(b)(1) or a motion to dismiss under Rule 12(b)(6) based on the procedural history set forth in the February 11, 2021 Findings Letter. Plaintiff failed to exhaust his administrative remedies in pursuing his FRSA claim

by not objecting to the February 11, 2021 Findings Letter.  Consistent with 49 U.S.C. 42121(b), and 29 C.F.R. §1982.106(b), the Findings Letter provided that the parties "have thirty (30) days from receipt . . . to file objections and request a hearing before an Administrative Law Judge" and that "if no objections are filed, these Findings will become final and not subject to court review." Exh. C.  The precise date of plaintiff's receipt of the Findings Letter is unconfirmed, but assuming they were received by February 18, 2021, within five business days of mailing, the Findings Letter would have become final by March 22, 2021.  Plaintiff did not object the finding within that time, rendering the February 11, 2011 Findings Letter and Order final, and not subject to judicial review.  Plaintiff's failure to exhaust additional administrative remedies under the FRSA was a condition precedent to seeking judicial review before this Court.  Plaintiff's failure to satisfy this condition makes his FRSA claim here ripe for dismissal.

As noted above, the FRSA contains a *kick out* provision that permits an employee to bring an original action in a district court if the Secretary of Labor has not issued a final decision within 210 days of filing the initial complaint:

(3) De novo review.—

> With respect to a complaint under paragraph (1), if the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and if the delay is not due to the bad faith of the employee, the employee may bring an original action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy, and which action shall, at the request of either party to such action, be tried by the court with a jury.

49 U.S.C. 20109(d)(3).  The plain language of the accompanying regulation 1982.114(a), also provides:

> **If there is no final order of the Secretary, 210 days have passed since the filing of the complaint, and there is no showing that there has been delay due to the bad faith of the complainant**, the complainant may bring an action

11

> at law or equity for de novo review in the appropriate district court of the United States, which will have jurisdiction over such an action without regard to the amount in controversy. At the request of either party, the action shall be tried by the court with a jury.

29 C.F.R. § 1982.114(a) (emphasis added). A plain reading of this regulation makes clear that a *de novo* action can only be filed if there is no final order of the Secretary. *See id.* The February 11, 2021 Findings Letter was issued 202 days after the initial complaint filing, and were not deemed final until after the 210-day mark. Assuming arguendo, plaintiff could have "kicked out" to this Court within 30 days of receiving the Findings Letter instead of filing objections, before they became final. However, having not filed this action until March 23, 2022, approximately one year after the Findings Letter became a final order, plaintiff missed the opportunity to do so.

Plaintiff may argue that his request for *de novo* review in this action should survive a motion to dismiss because the Findings did not *become* final until after the 210-day mark. This Court should reject this argument, if made, because the Secretary's delayed issuance of the Findings, which did not become final until after the 210-day mark, was due to the bad faith of plaintiff ("the employee"). Per the Findings, on October 21, 2020, the Secretary's office requested by email basic information and documentation in support of his retaliation claim, including the contact information of potential witnesses, within ten days. (*See* Exh. C). That same day, plaintiff's counsel emailed the Secretary's office advising that the complaint was being supplemented with a social media post. *Id.* The Secretary's office responded asking counsel to provide context and clarify the significance of the submission. *Id.* On December 15, 2020, after nearly two months with no response from plaintiff, the Secretary's office sent plaintiff's counsel a letter asking that the requested information be provided within ten (10) days, to avoid dismissal of the Complaint. *Id.* Plaintiff continued to fail to respond to this follow up request, delaying the Assistant Secretary's ability to conduct meaningful administrative review, and eventually leaving

the Assistant Secretary no other choice but to issue the Findings Letter dismissing the Complaint. Had plaintiff engaged in good faith participation of the OSHA proceedings and timely provided the basic information requested by the Office of the Secretary, the Findings Letter could have been issued well ahead of the 210-day mark. Therefore, this Court should dismiss plaintiff's FRSA claim brought in the amended complaint, irrespective of the timing of the Findings Letter becoming final, due to his bad faith conduct in violation of Section 20109(3).

This Court should also reject this interpretation of Section 20109(d)(3) in favor of one that is consistent with finality, establishes a limiting principle, and that avoids absurdity. The Western District of Pennsylvania in *Mullen* addressed a similar situation in determining it lacked subject matter jurisdiction over a *kicked out* Complaint because a Final Decision and Order of Dismissal had been issued by the Arbitration Review Board following an adverse decision by the assigned ALJ. 2015 WL 3457493 at *9-11. The Court rejected any plaintiff's interpretation of Section 20109(d)(3) that the *kick out* suit was permitted because that final order had been issued after the 210-day mark of the filing of the initial administrative complaint:

> Section 20109(d)(3) of Title 49 does not . . . include an unlimited right to bring suit; rather, it states an "employee may bring an original action at law or equity for de novo review in the appropriate district court" if the Secretary "has not issued a final decision within 210 days after the filing of the complaint." This limitation has practical significance: the plaintiff may bring a de novo action at any point after the 210–day interim period and until the Secretary issues a final decision. Nowhere in the statute did Congress authorize a de novo action so long as the Secretary did not issue a final decision within 210 days. To be sure, FRSA only includes a limited grant of jurisdiction to federal district courts, which must be jealously guarded.
>
> . . .

> In sum this Court aggress with [the] defendant that the 210-day kick-out provision was designed to protect a plaintiff from administrative delay rather than to grant [him] an unlimited right to bring a duplicative suit in federal court even after an authorized final decision had been issued by the Secretary.

*Id.* at *9 and *11.

The Southern District of New York also addressed a similar situation regarding a Sarbanes-Oxley ("SOX") whistleblower claim in *Lebron v. AIG*, 2009 WL 3364039 (S.D. N.Y., Oct 19, 2009) with respect to a preliminary order made final, like this action. SOX is also subject to Section 42121(b), and contains a similar "kick out" administrative procedure for claims to the FRSA, where a claimant may request *de novo* review of a federal district court when a final order has not been issued within 180 days of the initial filing of the complaint (instead of 210 days under the FRSA).

In *Lebron*, the Secretary issued and the plaintiff received preliminary findings within 180 days, but those findings did not become final until after the 180-day mark. Id. at *5. The Court recognized the irreconcilable ambiguity in Section 42121(b); it could not simultaneously review a claim *de novo* and determine it did not have the power to review a final order. *Id.* The court resolved the ambiguity in favor of administrative finality, holding that if "the Secretary does not issue a final order within 180 days of the filing of the administrative complaint, the complainant has thirty days from receiving the preliminary order to either file a claim in the district court or appeal the preliminary order to the ALJ and there by preserve the option to file a district court claim at a later time." *Id.* To hold otherwise would permit a future plaintiff in a similar case from filing a claim for *de novo* review months, or even years after allowing a preliminary order to become final, a clear absurd result that would completely undermine the concept of finality. *Id.* The *Lebron* Court would not permit plaintiff's filing of the Complaint approximately one year after a preliminary order became final, and this Court should follow suit.

Amtrak acknowledges that there several decision in this District that are contrary to *Mullen* and *Lebron*, namely *Glista v. Norfolk S. Ry. Co.*, 2014 WL 1123374 (E.D. Pa., March 21, 2014) and *Mullen v. Nortfolk S. Ry. Co.*, 2014 WL 1370119 (E.D. Pa, April 8, 2014) ("*EDPA Mullen*"), the latter of which addressed the claimant's FRSA claim in *Mullen*, retained jurisdiction, and transferred the matter to the Western District of Pennsylvania.   However, Amtrak respectfully requests that this Court reject the reasoning of those decision that provides a plaintiff an unlimited right to file a *kick out* action their interpretation undermines the FRSA's grant of limited jurisdiction to the district courts. *Mullen*, 2015 WL 34574493 at *9.  In addition, claimants in both *Glista* and *EDPA Mullen* filed Notices of Intent to seek *de novo* review, which were required under than regulation 1982.114(b), and prompted the Courts in those decisions to prioritize administrative fairness or characterize the order of dismissal as "non-substantive closing of the administrative proceedings." *See Glista* 2014 WL 1123374 at *6-7 and *EDPA Mullen*, 2014 WL 1370119 at * 6.  In this action, plaintiff signaled no intention whatsoever to that he was filing a kick out action before or after the February 11, 2021 Letter Findings were issued, did not meaningfully participate in the administrative proceedings before the Letter findings were issued, and therefore does not deserve the same consideration given to the plaintiffs in *Glista* or *EDPA Mullen*.

D. **<u>Plaintiff Cannot Circumvent the Exhaustion of Remedies Requirement by Contending He Never Received the Findings Letter</u>**

Plaintiff may argue that the exhaustion of administrative remedies argument is inapplicable or that equitable tolling[3] permits the late filing of this Action because his counsel never have

---

[3] Equitable tolling may be appropriate: (1) where the defendant actively mislead the plaintiff; (2) where the plaintiff in some extraordinary way has been prevented from asserting his rights or (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum. *Fenton, III v. Port Auth. Of NY and NY*, 777 Fed. Appx. 45, 48 (3d Cir., July 12, 2019) (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d. Cir. 1994). *See also*

15

received the February 11, 2021 Findings Letter. However, this argument will lack merit if made. First, plaintiff's counsel changed addresses from 1580 Walnut Street (address listed in the 2020 FRSA Supplement Complaints) to 1420 Broad Street (address listed in the 2022 Complaint and Amended Complaint). If plaintiff's counsel changed addresses before the February 11, 2021 order, he was obligated to provide the Executive Secretary and counsel for Amtrak with an updated address:

> Every pleading or document filed by any party . . . shall contain the name, current address, telephone number, and email address of the party's . . . representative[.] . . . **Any change in such information shall be communicated promptly in writing to the** Judge, or the **Executive Secretary** if no Judge has been assigned, and to all other parties . . . . A party . . . who fails to furnish such information shall be deemed to have waived its right to notice and service under these rules.

See 29 C.F.R. § 2200.6 (emphasis added). *See also Secretary of Labor v. Destiny Builders Construction Services, Inc.*, 2021 O.S.H.D. (CCH), 2021 WL 1822549 (March 22, 2021). Plaintiff has not plead or provided any evidence that counsel complied with this regulation. Therefore, if counsel moved offices before the Findings Letter issued, his right to notice and service of them was waived.

Second, plaintiff has not pled and will otherwise be unable satisfy his burden of proof of non-receipt of the Findings Letter. *Vazquez v. Caesar's Paradise Stream* Resort, 2010 WL 11483946 at *3 (M.D. Pa., September 30, 2010) ("the law presumes timely delivery of a properly addressed piece of mail") (quoting *Bobbitt v. Freeman Cos*, 268 F. 3d 535, 538 (7th Cir. 2001); and *United States v. Dancy*, 2008 WL 936921 (M.D. Pa. April 4, 2008) ("The burden of proving non-receipt . . . of notice is on the party seeking to reopen the time for appeal under Rule 4(a)(6).");

---

*Sparre v. U.S. Dep't of Labor*, 924 F.3d 398, 403 (7th Cir. May 10, 2019) (recognizing same situations for equitable tolling to apply to FRSA claim).

*See also Howard v. Farmers Ins. Co.* 2020 WL 1935026 at *4 (D. Kan., April 22, 2020) (concluding that the plaintiff did not meet the requirements for an extension because the Order was sent to plaintiff and never returned as undeliverable); *Watkins v. Plantation Police Dep't*, 733 F. App'x 991, 995 (11th Cir. 2018) (noting that whether the court received a returned as undeliverable is key in analyzing a party's contention that the order was not received); *Murray v. Stan's BBQ*, No. 2:06-CV-89, 2007 WL 2021936, at *2 (E.D. Tenn., July 10, 2007) (plaintiff bore the burden of proving she did not receive the mailed order and judgment, not the defendants or the Court).[4] Here, plaintiff's counsel has not alleged or provided any support for a claim that he did not receive the Findings Letter.  Therefore, plaintiff will be unable to satisfy the burden of proof of non-receipt.

Third, plaintiff's lack of diligence provides further grounds to disregard any excuse regarding allegedly not receiving the dismissal order.  *See Baxter v. Mallory*, 2017 U.S. Dist. LEXIS 35931, *4, 2017 WL 1013118 ( W.D. Tenn., March 14, 2017) (holding that the plaintiff had not shown why he is entitled to a further extension of time to file his appeal, in part because of **a** failure to show diligent docket monitoring to stay informed about the case status).  In this case, plaintiff's lack of diligence is demonstrated by his failure to respond to the Secretary of Labor's October 21, 2020 request for more information, failure to respond to the Secretary of Labor's December 15, 2020 follow up request for more information and warning of pending dismissal, and failure to check the docket and/or monitor the case to learn about the Findings Letter issued more than a year ago.  Upon information and belief, plaintiff also never served a copy of the complaint or amended complaint in this action on OSHA, as required by 29 C.F.R.

---

[4] *Resendez v. Dretke*, 452 F.3d 356, 361 (5th Cir.), *cert. denied*, 548 U.S. 921, 126 S. Ct. 2974, 165 L. Ed. 2d 981 (2006) *quoting Pioneer Investment Services Co. v. Brunswick Assoc.*, 507 U.S. 380, 397, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) (the general rule is that a party who is represented by counsel is deemed to have notice of all facts of which the attorney has notice).

§1982.114(c), which provides:

> Within 7 days after filing a complaint in federal court, a complainant must file with the Assistant Secretary, the ALJ, or the ARB, depending on where the proceeding is pending, a copy of the file-stamped complaint. In all cases, a copy of the complaint must also be served on the OSHA official who issued the findings and/or preliminary order, the Assistant Secretary, and the Associate Solicitor, Division of Fair Labor Standards, U.S. Department of Labor.

29 C.F.R. §1982.114(c). Accordingly, this Court should disregard any contention from plaintiff that his purported failure to receive the dismissal order excuses his statutory failures and, in turn, should dismiss Plaintiff's FRSA claim in the Amended Complaint due to his failure to exhaust administrative remedies.

WHEREFORE, for the foregoing reasons, defendant Amtrak respectfully requests that this Court either dismiss Plaintiff's FRSA claim or enter judgment in Amtrak's favor on plaintiff's FRSA claim and provide such other relief that this Court deems fair and just.

        Respectfully submitted,

        LANDMAN CORSI BALLAINE & FORD P.C.

BY:   */s/ Daniel J. Gillin*
        Daniel J. Gillin, Esq.
        Ian L. Courts, Esq.
        Landman Corsi Ballaine & Ford P.C.
        Attorneys for Defendant
        National Railroad Passenger
        Corporation ("Amtrak")

Dated: June 30, 2022